CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 09 2015

JULIA C. DUDLEY, CLERK
BY:
       DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **LLOYD WAYNE SHEPPARD,** | CASE NO. 7:15CV00598 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| **COMMONWEALTH OF VIRGINIA, ET AL.,** | By: Glen E. Conrad<br>Chief United States District Judge |
| Respondents. | |

Lloyd Wayne Sheppard, a Virginia inmate proceeding pro se, filed a pleading titled: "Notice of Appeal." It appears from his submission and state court records available online that Sheppard filed a petition for a writ of actual innocence under Va. Code Ann. § 19.2-327.10 in the Montgomery County Circuit Court, seeking relief from his 2009 conviction for aggravated malicious wounding. After the circuit court denied his petition, Sheppard appealed to the Supreme Court of Virginia, which refused the appeal by order dated October 30, 2015. Because Sheppard's current submission in this court is, in essence, challenging the validity of his confinement under a state court judgment, this court construed and docketed his submission as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The court finds, however, that the petition must be summarily dismissed.[1]

Lower federal courts, like this one, do not have jurisdiction to review the judgments of state courts on appeal. Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997). See also District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923). Jurisdiction for appellate review of state court judgments lies exclusively

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

with superior state courts and, ultimately, with the United States Supreme Court. Plyler, 129 F.3d at 731; 28 U.S.C. §1257. Therefore, to the extent that Sheppard seeks direct appellate review by this court of the state courts' decisions regarding his petition for a writ of actual innocence, his action must be dismissed.

This court does have jurisdiction to review the validity of an inmate's confinement under a state court judgment through habeas corpus review pursuant to 28 U.S.C. § 2254. Plyler, 129 F.3d at 732. For this reason, the court construed Sheppard's submission as a § 2254 petition. As such, however, the petition states no ground for relief. Sheppard is not confined pursuant to the state court judgments denying his petition for a writ of actual innocence. Rather, he is confined pursuant to the criminal judgment of the Montgomery County Circuit Court. To the extent that he now seeks to challenge the criminal judgment, his current petition is successive. Pursuant to § 2244(b), a federal district court may consider a second or successive § 2254 petition only if petitioner secures specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria. § 2244(b)(3). Court records indicate that Sheppard previously filed a § 2254 petition concerning the same judgment, Civil Action No. 7:11CV00540, which the court denied with prejudice. Sheppard's appeal was unsuccessful. Because Sheppard does not demonstrate that he has obtained certification by the Court of Appeals to pursue his current § 2254 petition, the court must dismiss it without prejudice as successive. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 9th day of November, 2015.

*/s/ Glen Conrad*
Chief United States District Judge

2